UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

EUGENE COLSTON                                        Case No. 07-10746

          Debtor


**ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM NO. 7 OF THE STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES AND DENYING THE STATE OF ALABAMA'S MOTION TO ALTER OR VACATE CONDITIONAL CONFIRMATION**

Richard Shinbaum, Montgomery, AL, Attorney for the Debtor
Melanie Hinson, Montgomery, AL, Attorney for the Alabama Department of Human
     Resources

This case is before the Court on the objection of the debtor to Claim No. 7 of the

Alabama Department of Human Resources ("DHR"). It is also before the Court on the motion of

DHR to set aside the conditional confirmation of the debtor's plan. The Court has jurisdiction to

hear these matters pursuant to 28 U.S.C. §§157 and 1334 and the Order of Reference of the

District Court. These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2), and the

Court has the authority to enter a final order. For the reasons indicated below, the Court is

overruling the debtor's objection to DHR's Claim No. 7 and is denying DHR's motion to alter or

vacate the debtor's conditional confirmation.

**FACTS**

In 2001, the debtor fathered a child. His paternity was established in 2006. On June 12,

2006, a Dallas County judge ordered that Mr. Colston pay $369 per month in current support for

the child and pay $50 per month for past support due for the period 2001-2006. For that period,

1

Mr. Colston owes approximately $17,000.[1]  The District Attorney consented to the arrangement ordered by the judge.

Mr. Colston filed his chapter 13 bankruptcy case on March 19, 2007.  His amended chapter 13 plan provided for payment of the child support arrearages in full through the plan.  Then, the debtor objected to Claim No. 7, which was filed by DHR.  Colston stated that "[t]he STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES has agreed to alternative treatment of this claim in the Circuit Court of Dallas County Alabama.  The agreement was made in 2006, and all payments since the agreement have been made."  If the debtor's claim objection is sustained, the debtor intends to pay DHR directly "outside his chapter 13 plan" under the prepetition state court order.  DHR asserts that Colston's prior agreement is superseded by the bankruptcy, and the treatment afforded domestic support obligations under the Bankruptcy Code should override any prior arrangement.

## LAW

Section 507(a)(1) of the Bankruptcy Code establishes that domestic support obligations are a first priority claim.  Child support is a "domestic support obligation."  11 U.S.C. § 101(14A).  Section 1322(a)(2) requires that all priority claims be paid in full during the life of the debtor's chapter 13 plan "unless the holder of a particular claim agrees to a different treatment of such claim."

Therefore, the issue is whether DHR has agreed to a different treatment of Colston's child support debt by its 2006 consent to the Dallas County Circuit judge's order or whether that

---

[1]DHR filed a proof of claim in the amount of $17,805.48.

consent has been overridden by the intervening bankruptcy case. The Court found no cases on point decided since the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). However, sections 507 and 1322(a)(2) were not changed by the new law in any manner relevant to this issue.

There is one pre-BAPCPA case that is on point, however. *See In re Camacho*, 211 B.R. 744 (Bankr. D. Nev. 1997). In the *Camacho* case, the debtor had entered into a stipulation regarding the payment of child support arrearages with the Nevada District Attorney's Office. The debtor incorporated the payment plan memorialized in the stipulation in his plan. The treatment agreed to in the state court order would not pay the claim in full during the life of the plan. The chapter 13 trustee objected to the debtor's treatment of the child support arrearages.

The Bankruptcy Court stated that there were two lines of cases as to how child support arrearages should be treated by a chapter 13 debtor. These two lines developed before the Bankruptcy Code was amended in 1994 to provide that at least certain child support payments were priority claims. *Id.* at p. 745. One line held that "support obligations should be given preferential treatment and should be paid in full under a chapter 13 plan." *Id.* (citing *In re Gonzales,* 172 B.R. 320, 326 (E.D. Wash. 1994) (citing *In re Leser*, 939 F..2d 669, 672 (8th Cir. 1991)); *In re Benner*, 146 B.R. 265 (Bankr. D. Mont. 1992); *In re Whittaker*, 113 B.R. 531 (Bankr. D. Minn 1990); *In re Storberg*, 94 B.R. 144 (Bankr. D. Minn. 1988); *In re Davidson*, 72 B.R. 384, 387 (Bankr. D. Colo. 1987); *In re Haag*, 3 B.R. 649 (Bankr.D. Or. 1980); and *In re Curtis*, 2 B.R. 43 (Bankr. W.D. Mo. 1979)). The reason for full payment, since the child support debt was not a priority debt, was that the debt was nondischargeable and public policy favored repayment. *Camacho,* 211 B.R. at 745 (citing *In re Gonzales*, 172 B.R. at 326).

3

The second line of cases "held that child support obligations should not be included in a chapter 13 plan on the basis that bankruptcy courts should not interfere with child support issues which are better handled by state courts." *Camacho*, 211 B.R. at 745 (citing *In re Gonzalez*, 172 B.R. at 326; *Caswell v. Lang*, 757 F.2d 608, 610 ( 4th Cir. 1985); *In re Warner*, 115 B.R. 233, 241 (Bankr. C.D. Cal. 1989); *In re McCray*, 62 B.R. 11, 12 (Bankr. Colo. 1986)). These cases asserted that "chapter 13 plans which include repayment of child support divest the state court of its ability to enforce payment of past due support." *Camacho,* 211 B.R. at 745 (citing *In re Gonzales*, 172 B.R. at 326).

The court in the *Camacho* case did not directly decide which line of cases to follow but, in dicta, acknowledged that the requirement of the Bankruptcy Code that priority claims be paid in full would likely control. *Camacho*, 211 B.R. at 746. The case was decided on other grounds.

After reviewing the cases cited above, and reviewing §§507 and 1322(a)(2), this Court concludes that a debtor must pay any child support arrearage in full during the life of his or her chapter 13 plan unless DHR agrees to different treatment. Such agreement by DHR must be made <u>after</u> the debtor files his or her chapter 13 case. The Bankruptcy Code must be followed by the bankruptcy courts. Therefore, §1322(a)(2) must be followed. If DHR made an agreement with a debtor, or a state court ordered that a certain payment scheme should be followed before a bankruptcy case was filed, the debtor's financial status could be very different from the debtor's financial circumstances postpetition. The State of Alabama should not be locked into an arrangement made before the debtor's change in circumstances. This Court attempts to defer to state courts whenever possible; however, the Court does not believe deference is appropriate when the Bankruptcy Code is violated in doing so. If the prepetition arrangement is fair, DHR

4

can easily consent to continue the arrangement postpetition.

Therefore, the debtor's objection to DHR's Claim No. 7 is due to be overruled. DHR seeks to vacate the conditional confirmation of Colston's plan if the claim objection is sustained. With this decision, the plan, as amended, is confirmable without objection. Therefore, the motion to vacate is due to be denied. The amended plan, as conditionally confirmed, stands.

THEREFORE IT IS ORDERED AND ADJUDGED that:

1) Debtor's objection to Claim No. 7 of the Alabama Department of Human Resources is OVERRULED, and the claim is allowed as filed; and

2) The State of Alabama's Motion to Alter or Vacate Conditional Confirmation of debtor's plan is DENIED.

Dated:    August 23, 2007

*Margaret A. Mahoney*

MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

5